IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD DELLGET, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| WOLPOFF & ABRAMSON, L.L.P. | : | |
| Defendant. | : | NO. 07-1024 |

**MEMORANDUM**

**Baylson, J.**                                                                                      **November 21, 2007**

**I.     Introduction**

Plaintiff Edward Dellget ("Dellget") is a resident of St. Clairsville, Ohio. He has filed a complaint against Wolpoff & Abramson, L.L.P. ("Wolpoff") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Wolpoff is a limited liability partnership with a main office in Camp Hill, Pennsylvania. Wolpoff has moved to dismiss the complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

**II.    Parties Contentions**

Dellget alleges that Wolpoff violated the FDCPA by, for example, calling him at his home in Ohio and place of employment in Ohio 103 times within a period of 90 days. Dellget asserts that he informed Wolpoff that he was enrolled in a consumer credit counseling program but that Wolpoff continued to harass him.

Wolpoff contends that venue is improper because the partnership of Wolpoff & Abramson, L.L.P., does not reside in the Eastern District of Pennsylvania and none of the

-1-

partners who form the partnership reside in the Eastern District of Pennsylvania. Wolpoff has submitted an affidavit from Amy F. Doyle, its Managing Director, which states that Wolpoff's Pennsylvania office is located in Camp Hill, Pennsylvania; that Camp Hill is within the confines of the Middle District of Pennsylvania; and that none of Wolpoff's partners reside within the Eastern District of Pennsylvania. Ms. Doyle's affidavit also states that any of the phone calls Wolpoff may have placed to Delgett originated in Maryland and not Pennsylvania.

According to Delgett, the Eastern District of Pennsylvania is the proper district for his claim because the FDCPA provides that any court of competent jurisdiction may hear a consumer's claim. Delgett also contends that 28 U.S.C. § 1391(c) would establish this Court's jurisdiction over his claim.

## III.   Discussion

The FDCPA is a federal law that prohibits a debt collector from, among other things, using unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §§ 1692(e), 1692(k). Claims under the FDCPA may be heard by a federal court, provided the federal court has personal jurisdiction over the defendants and venue is proper.[1]

Venue is frequently misunderstood, and indeed in this case, both parties appear to confuse venue with other doctrines. First, it is important to distinguish venue from subject matter

---

[1] Delgett appears to argue that a claim based on the FDCPA would be proper in any federal district court because the FDCPA "clearly states that any court of competent jurisdiction may hear the claim by a consumer." Plaintiff's brief, p. 2. However, Delgett misconstrues the FDCPA, which states that an action to enforce its provisions "may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The FDCPA's jurisdictional provision does not obviate the general need for in personam jurisdiction and proper venue.

jurisdiction. As discussed in greater detail below, venue can involve determining where a defendant "resides." This is not the same thing as determining a defendant's citizenship for purposes of diversity jurisdiction (which is not relevant here because this case is brought under federal law). Moreover, venue and personal jurisdiction are also distinct concepts. See Wright & Miller, 14D Fed. Prac. & Proc. Juris.3d § 3801. Personal jurisdiction refers to the power of a court to hear claims brought against specific defendants, whereas venue designates particular courts, among those exercising personal jurisdiction, that can hear the specific claim at issue.[2]

Venue is governed by statute. When a claim involves a federal law, as it does here, 28 U.S.C. § 1391(b) applies:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The relevant dispute between Delgett and Wolpoff focuses on where Wolpoff "resides" for purposes of 28 U.S.C. § 1391(b)(1).

Defendant Wolpoff concedes that it bears the burden of proving that venue is improper.[3]

---

[2] As discussed in greater detail below, in the case of a defendant corporation or partnership, determining venue requires a personal jurisdiction analysis, but venue and personal jurisdiction are still distinct.

[3] The Court notes that there has been debate as to whether a plaintiff has the burden of proving venue is proper or a defendant has the burden of proving venue is improper. See Simon v. Ward, 80 F.Supp.2d 464, 466-68 (E.D. Pa. 2000). However, the Third Circuit has held that the movant (the defendant) bears the burden of proving that venue is improper, Myers v. American Dental Ass'n, 695 F.2d 716, 725 (3d Cir. 1982). See also, Schurich v. Principal Financial Group, 2005 WL 1229725 (M.D. Pa. 2005). Thus, Wolpoff, as the Defendant, bears the burden of proving that venue is improper in the Eastern District of Pennsylvania.

However, Wolpoff does not meet its burden. In fact, Wolpoff has confused the venue analysis with the diversity analysis (for subject matter jurisdiction).[4] As noted above, Wolpoff argues that venue is not proper in this court because its main office is in the Middle District of Pennsylvania, and because none of its partners reside in the Eastern District of Pennsylvania. Wolpoff's analysis is misguided.

For a partnership, the residency analysis (for purposes of venue under 28 U.S.C. § 1391(b)(1)) does not involve the residencies of the individual partners but is in fact identical to the residency analysis for a corporation. See Doran v. Credit Bureau Associates, 2000 WL 288326, *2 (E.D. Pa.) (citing cases from other jurisdictions).[5] See also, Graf v. Tastemaker, 907 F.Supp. 1473, 1474 (D. Colo. 1995) (applying venue standards for corporations to a partnership); Kingsepp v. Wesleyan University, 763 F.Supp. 22, 28 (S.D.N.Y. 1991) (explaining that 28 U.S.C. § 1391(c) is interpreted to include not just corporations but also trusts, voluntary associations, and partnerships).

The residency analysis for a corporation is governed by 28 U.S.C. § 1391(c) and that provision thus applies to partnerships as well. The relevant text states that

> [f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *In a State which has more than*

---

[4] Wolpoff cites to Carden v. Arkoma Associates, 494 U.S. 185, 195-196 (1990) and Techstar Investment Partnership v. Lawson, 1995 U.S. Dist. LEXIS 18424, *6 (E.D. Pa. Dec. 11, 1995) to support its inaccurate contention that a limited liability partnership "resides," for purposes of venue, where the individual partners who form the partnership reside. However, Carden and Techstar do not address residency for purposes of venue but addresses citizenship for purposes of diversity and ultimately subject matter jurisdiction.

[5] The parties do not cite, nor has the Court found, any applicable Third Circuit precedent on the issue of where a partnership "resides" for venue purposes.

> *one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State*, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c) (emphasis added).

Pennsylvania has more than one district. Therefore, to determine if venue is proper in this Court, one must analyze whether, treating the Eastern District of Pennsylvania as though it were its own state, the Eastern District of Pennsylvania could exercise personal jurisdiction over Wolpoff. 28 U.S.C. § 1391(c). See Measurement Specialities, Inc. v. Stayhealthy.com, 275 F. Supp.2d 638, 641 (E.D.Pa. 2003) ("In a state with multiple districts and in which the defendant is subject to personal jurisdiction, the corporation resides in any district in that state where its contacts are sufficient to subject it to personal jurisdiction if that district were its own state."); New York Access Billing, LLC v. ATX Communications, Inc., 289 F. Supp.2d 260, 267 (N.D.N.Y. 2003) ("Section 1391(c) would require [defendant] to be subject to personal jurisdiction in the Northern District of New York as if it were a separate state.").

It is important to note that venue can be proper in more than one district. Thus, even though Wolpoff's main office is in Camp Hill, Pennsylvania, which lies within the Middle District of Pennsylvania, venue could be proper in both the Middle and Eastern Districts of Pennsylvania. See Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994) (explaining that the 1990 amendments to the 28 U.S.C. 1391 were designed to emphasize that venue can be proper in more than one district).

Neither party has briefed the relevant inquiry for assessing venue – whether Wolpoff has

sufficient contacts with the Eastern District of Pennsylvania to subject it to personal jurisdiction here (treating this District as though it were a state).[6]  As noted above, Wolpoff has the burden of proving improper venue.  Since Wolpoff does not address whether this District exercises personal jurisdiction over it, it does not appropriately analyze venue; therefore, it does not meet its burden of proving that venue is improper under 28 U.S.C. §§ 1391(b) and (c).

## IV.    Conclusion

For the reasons discussed above, Wolpoff's Motion to Dismiss for lack of venue will be denied.  An appropriate order follows.

---

[6] Wolpoff's brief addresses some of the contacts giving rise to Delgett's claims when it argues that venue is not proper in this Court under 28 U.S.C. § 1391(b)(2), which provides for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated".  However, as discussed in this memorandum opinion, venue is proper where a defendant "resides"; since Wolpoff is a partnership, 28 U.S.C. § 1391(c) explains where Wolpoff "resides".  Under 28 U.S.C. § 1391(c), venue is proper in this Court (i.e. Wolpoff "resides" in this District) if the Eastern District of Pennsylvania, as though it were a separate state, has personal jurisdiction over Wolpoff.  The analysis for U.S.C. § 1391(b)(2) and the analysis for personal jurisdiction are different.  For a recent clarification of the personal jurisdiction analysis in this Circuit, see O'Connor v. Sandy Lane Hotel, 2007 WL 2135274 (3d Cir.).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD DELLGET, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| | : | |
| WOLPOFF & ABRAMSON, L.L.P. | : | |
| | : | |
| Defendant. | : | NO. 07-1024 |

**ORDER**

AND NOW, this   21st   day of November, 2007, upon consideration of Defendant's

Motion to Dismiss Plaintiff's Complaint (Doc. No. 2), it is hereby

ORDERED that Defendant's Motion is DENIED.

**BY THE COURT:**

 /s/ Michael M. Baylson 

**MICHAEL M. BAYLSON, U.S.D.J.**

A:\Draft memo and order, MTD.wpd